



# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 13, 1958

Hon. Jesse James
State Treasurer
Austin, Texas

Opinion No. WW-489

Re: The applicability of Article
7.11, Texas Business Corpora-
tion Act, and Article 1395a,
V.C.S., to deposits with State
Treasurer of portions of as-
sets of dissolved corporations.

Dear Sir:

     You have requested an opinion as to whether or
not Article 1395a, Vernon's Civil Statutes, has been re-
pealed by Article 7.11 of the Texas Business Corporation
Act, passed by the Legislature in 1955. In the event that
it has not been so repealed you inquire as to which article
is applicable to corporations organized after the effective
date of the Texas Business Corporation Act and which article
to those organized prior to such date. Your last question
concerns the power of the board of directors of a corporation
undergoing dissolution, organized prior to the enactment
of the Texas Business Corporation Act, to adopt its provisions
and thus be governed in certain of its actions by Article
7.11 rather than by 1395a.

     Article 1395a and Article 7.11 both require the
deposit with the State Treasurer of that portion of the
assets of a dissolved corporation distributable to persons
unknown or who cannot be located. (Although there are
certain differences between the two articles, these differences
have no bearing on the proper answers to your questions and
will not, therefore, be noted further.)

     With regard to your first question, it is our opinion
that Article 7.11 of the Texas Business Corporation Act was
not intended to and did not repeal Article 1395a, V.C.S.

     This is so for the reason that the Texas Business
Corporation Act itself provides for a five year "grace
period" after its effective date during which its provisions
will not apply to those corporations already in existence
in the absence of an affirmative acceptance on their part
of its provisions (Art. 9.14, Sec. B). During this period

these "existing corporations shall continue to be governed by the laws heretofore applicable thereto". (Art. 9.15, Sec. A) After the expiration of this five year period, September 6, 1960, all corporations, with the exception of those specifically exempt from the provisions of the Act by Article 9.14, Section A, shall be deemed to have adopted the provisions of the Texas Business Corporation Act. For all practical purposes then, Article 1395a will be repealed after such date. Therefore, any corporation organized prior to the passage of the Texas Business Corporation Act which does not voluntarily adopt its provisions will be governed by Article 1395a until September 6, 1960. Any corporation organized after the passage of the Texas Business Corporation Act or any pre-existing corporation which adopts its provisions will be governed by Article 7.11. After September 6, 1960, all corporations will be governed by the latter except those types of corporations which are specifically exempt from the provisions of said Act. We do not pass upon the applicability of Article 7.11 of the Texas Business Corporation Act to such exempted corporations.

With regard to your third question, any corporation prior to its dissolution can adopt the provisions of the Texas Business Corporation Act by following the procedure set out in Article 9.14, Section C, and thereafter handle the deposits with the State Treasurer in accordance with Article 7.11. However, in conference you have indicated that the primary proposition which you are interested in is whether or not a corporation, after a distributive portion has been deposited with the State Treasurer under Article 1395a, may adopt the Texas Business Corporation Act by appropriate action on the part of its board of directors in order that the deposit may thereafter be governed by 7.11. As we interpret both Articles 7.11 and 1395a, no deposit of this nature can be made with the Treasurer until the corporation has been dissolved. A corporation is dissolved by: (1) The expiration of the time limited in the charter; (2) a judgment of dissolution; (3) an adjudication of insolvency; (4) vote of 4/5ths of the stockholders at a stockholders' meeting followed by issuance of certificate of dissolution by Secretary of State; and (5) without a stockholders' meeting, when the last stockholder signs a unanimous agreement to dissolve the corporation. See Article 1307, V.C.S., and 11-A Tex. Jur. 94. As pointed out by 11-A Tex. Jur. 104, "a dissolution has the effect of extinguishing and annulling the corporate powers of transacting ordinary business and of

restricting the powers of the officers to those of liquidating agents.". This being the case, it is our opinion that such a vestigial corporation could no longer take advantage of the adoptive procedure of Article 19.14, Section C. Although Article 1389 provides in substance for the continued existence of a corporation for a period of three years after dissolution for the limited purpose of enabling "those charged with the duty, to settle up its affairs", this is the only power remaining in the corporation. McBride v. Clayton, 166 S.W.2d 125 (Comm. App.). To completely change the basic statutory provisions under which the corporation has been acting by adopting the Texas Business Corporation Act is not believed to be within the scope of this provision.

SUMMARY

In handling deposits with the State Treasurer of portions of the assets of a dissolved corporation distributable to persons unknown or who cannot be located, any corporations in existence prior to the effective date of the Texas Business Corporation Act which do not adopt its provisions prior to September 6, 1960, will be governed until such date by Article 1395a, V.C.S. Corporations organized after the effective date of the Texas Business Corporation Act will be governed by Article 7.11 thereof. The board of directors of a corporation can adopt the provisions of the Texas Business Corporation Act prior to the dissolution of said corporation but cannot do so thereafter.

RVL:ph

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

Lawrence Jones
J. Milton Richardson
J. Arthur Sandlin

REVIEWED FOR THE ATTORNEY GENERAL
BY:
   W. V. Geppert

Very truly yours,

WILL WILSON
Attorney General of Texas

By *Fred B. Werkenthin*
   Fred B. Werkenthin
   Assistant

By *R. V. Loftin*
   R. V. Loftin, Jr.
   Assistant